# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 13 |
|  | ) |  |
| Shelia Jones, | ) | Case No. 19-10259 (BLS) |
|  | ) |  |
| Debtor(s). | ) | Hearing: August 29, 2023 at 10:00 AM |
|  | ) |  |
|  | ) | Response deadline: August 22, 2023 |

## MOTION FOR RELIEF UNDER RULE 3002.1(i) AND OTHER RELIEF

The Debtor, Shelia Jones, by and through undersigned Counsel, moves for an Order Granting attorney's fees and costs to Debtor's Counsel from U.S. Bank Trust National Association as Trustee for BKPL-EG Basket Trust (hereinafter "US Bank") pursuant to Rules 3002.1(i) and Regulation X, and other relief, and in support states the following:

1. The Debtor's Chapter 13 bankruptcy case was filed on February 8, 2019.

2. US Bank filed a Notice of Transfer of Servicing on August 30, 2021, indicating that the Debtor's 1st Mortgage had been transferred to them.

3. On that same day, US Bank filed a Notice of Mortgage Payment Change, indicating no there was no change in the escrow payment. No escrow analysis was attached to this filing.

4. On March 9, 2023, the US Bank filed a Motion for Relief from the Automatic Stay ("the MFR"), alleging that the Debtor missed payments totaling $2,935.32. The amount due included, among other things, late charges of $218.50, and escrow arrearages of $5,947.79. See the MFR,

1

filed at DN#89, Page 3.

5. An Order terminating the automatic stay was issued by the Court on March 21, 2023.

6. On March 31, 2023, the Debtor filed a Motion to Vacate said Order.

7. U.S. Bank Trust National Association filed a Response to the Motion to Vacate on April 13, 2023, re-alleging the arrears to be $2,929.44.

8. On April 26, 2023, Debtor's Counsel was provided an updated payment history alleging that the Debtor's account was 2 payments in arrears totaling $1,262.88. See Exhibit A.

9. On January 11, 2023, U.S. Bank National filed a Notice of Post-Petition, Mortgage fees, Expenses, and Charges for plan objection fees for $550.00 incurred on September 28, 2022.

10. The Debtor objects to the requested $550 fees as being excessive.

11. Moreover, there was no mention of late fees in this January 11, 2023 filing.

12. Rule 3002.1(c) requires that a Notice of fees, expenses, and charges be filed with the court within 180 days after the date on which the fees, expenses, or changes are incurred.

13. There was no Notice of post-petition, mortgage fees, expenses, and charges filed by the Movant for late fees that are being assessed, within 180 days. Yet, late fees totaling $218.50 form part of the arrears alleged by U.S. Bank Trust in its MFR. Based on Exhibit A, most of these fees were incurred more than 180 days ago.

14. The Notice of Payment Change (NOPC) filed January 11, 2021 (effective March 1, 2021), which increased the escrow payment from $291.37 to $486.99, was calculated incorrectly. The escrow payment should have been $438.43. See Exhibit B.

15. This calculation error overstated the monthly payment by $48.56 per month and as a result caused the Debtor to overpay by nearly $50.00 more per month over the course of the year.

16. US Bank waited 2 years to do an escrow analysis after the bankruptcy filing, and thus contributed to the increased payment, which should have been spread out over the 2 years. Failure to perform an escrow analysis within 60 days of the transfer of servicing, and then annually, violated 12 C.F.R. § 1024.17(e) (Regulation X).

17. The notice of payment change filed on January 11, 2021 also understated the surplus, in that the actual surplus is $880.99 but their analysis shows a surplus of only $99.19 due to calculation errors in the escrow analysis. See Exhibit B.

18. The NOPC filed on December 14, 2021 (effective February 1, 2022), states that the monthly payment is $969.36. This NOPC incorrectly understates the escrow surplus. The there is an actual escrow surplus of 880.99, whereas the NOPC only shows a surplus of only $99.19. This is due to their errors in calculating the beginning projected balance on their escrow analysis. See Exhibit C.

19. This NOPC also incorrectly states that the principal and interest payment is $969.36, whereas the actual principal and interest payment is actually $563.57, as per the loan modification agreement attached as Exhibit D to

the MFR filed on March 9, 2023.

20. The monthly statements sent to the Debtor are inconsistent with the NOPC effective February 1, 2022, and are otherwise very confusing. For example the statement dated April 5, 2023 states in one section that the current payment is $982.98. Another part of the statement claims that the monthly payment is $940.55 and due to increase to $982.98. There is no notice of payment change filed with the Court calling for payments of $982.98. Also see the 1-4-2023 and 2-3-2023 Statements, which claims the monthly payments are $940.55, when the NOPC filed 9-13-2022 states the payments should be $969.36, effective November 1, 2022. Exhibit D.

21. The Debtor's account includes escrows for taxes and insurance. Yet, the Debtor is being charged for forced-place insurance. See Exhibit E.

**WHEREFORE,** the debtor is respectfully requesting that this honorable Court grant the following:

  a) Require U.S. Bank to rectify the Debtor's Account in accordance with the findings in this Motion;

  b) Reimburse the Debtor for all overcharged payments;

  c) Vacate the order granting stay relief to the movant;

  d) Award attorney fees and costs to Debtor's Counsel;

e) Vacate the plan objection fees of $550.00 called for in the Notice of post-petition, mortgage fees, expenses, and charges, as being excessive, and

f) any further relief the court deems appropriate under the circumstances.

Respectfully Submitted,

**CYNTHIA L. CARROLL, P.A.**

/s/ Cynthia Carroll
Cynthia L. Carroll, Esquire
262 Chapman Rd, Suite 108
Newark, DE  19702
(302) 733-0411 (Telephone)
(302) 733-0511 (Facsimile)
Attorney for the Debtor

Dated:  July 17, 2023